UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN BOARD OF PEDIATRICS,<br><br>　　　　Defendant. | Case No. 16-mc-80124-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND IN FORMA PAUPERIS APPLICATION**<br><br>Docket Nos. 1, 2 |

On June 6, 2016, Plaintiff Michelle Jones filed a motion for a temporary restraining order (TRO) and preliminary injunction, seeking an order that Defendant American Board of Pediatrics be required to permit Ms. Jones to take the October 2016 Board Certification Exam. Docket No. 1 (TRO App.). Ms. Jones has also filed an application to proceed *in forma pauperis*. Docket No. 2 (IFP App.).

The Court **DENIES** without prejudice Ms. Jones's motion for a TRO. First, Ms. Jones has not filed a complaint. Thus, there is no predicate for the motion, and the Court cannot determine if there is proper basis for jurisdiction and venue before this Court, or whether Ms. Jones's claims have sufficient merit to support issuing a TRO.[1] Second, there is no evidence that Plaintiffs have satisfied Local Rule 65-1, which requires that "counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party." Plaintiffs do not state that they have served the complaint (which again, was not filed before this Court) on the American Board of Pediatrics, or provided them with any notice of the instant motion.[2]

---

[1] The Court notes that it is unclear what basis Ms. Jones has to pursue a due process claim against the American Board of Pediatrics, when there does not appear to be any state action.

[2] Further, based on a review of the papers, it is not apparent why a TRO is warranted as opposed

The Court also **DENIES** Ms. Jones's application to proceed *in forma pauperis*. When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemous & Co., Inc.*, 335 U.S. 331, 339 (1948)). However, according to Ms. Jones's application, Ms. Jones and her husband make a combined income of $25,700 per month, and list monthly expenses of $4,260. Ms. Jones clearly does not satisfy the economic eligibility requirement.

For the reasons stated above, the Court **DENIES** without prejudice Ms. Jones's motion for a TRO, and **DENIES** Ms. Jones's application to proceed *in forma pauperis*.

This order disposes of Docket Nos. 1 and 2.

**IT IS SO ORDERED**.

Dated: June 10, 2016

_____
EDWARD M. CHEN
United States District Judge

---

to a properly noticed motion for preliminary injunction, given that the Board Examination will not take place until October 2016.